IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
_____

ANTHONY ROBINSON,

        Plaintiff,

vs.                                              No. 17-2674-JPM-dkv

EEOC; WILLIS MARTIN,
Interviewer; AUDREY
BONNER; JAN MITCHELL,

        Defendants.
_____

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
and
REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL
_____

On September 12, 2017, the plaintiff Anthony Robinson ("Robinson") filed a *pro se* complaint titled "Complaint for Violations of Civil Rights Under 42 U.S.C. § 1983" against the EEOC, Willis Martin, Audrey Bonner, and Jan Mitchell (collectively "the Defendants"). (Compl., ECF No. 1.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

Accompanying the complaint was a motion seeking leave to proceed *in forma pauperis*. (ECF No. 2.) The information set forth in the affidavit in support of the motion for leave to proceed *in forma pauperis* satisfies Robinson's burden of

demonstrating that he is unable to pay the civil filing fee. Accordingly, the motion to proceed *in forma pauperis* is GRANTED.

For the reasons that follow, it is recommended that this case be dismissed *sua sponte* for failure to state a claim.

## I. PROPOSED FINDINGS OF FACT

Robinson has attached to his complaint five additional documents in which he purports to set forth the facts upon which his instant claims are based. (ECF Nos. 1-2 to 1-5.) Robinson's alleged facts and claims against the Defendants are less than clear. In the first document titled "Statement of Claim," Robinson alleges that EEOC employee Willis Martin, named as a defendant in this case, was "supposed to conduct the telephonic interview to find facts [and] more details about [his] charge against Elite Staffing for discrimination during the hiring phase for temporary employment." (Statement of Claim 1, ECF No. 1-1.)[1] After the first telephonic hearing was "botched," Robinson tried to reschedule it again. (*Id.*) EEOC intake coordinator Jan Mitchell, also named as a defendant, told

---

[1] On the same date as this complaint, Robinson filed another complaint against Elite Staffing and Elite Staffing employee Rachel Walton in which he purports to set forth § 1983 violations based on Elite Staffing's failure to hire him. *See* Compl., Robinson v. Elite Staffing, *et al.*, Case No. 17-2475 (Sept. 12, 2017), ECF No. 1. On October 6, 2017, this court recommended that Robinson's complaint against Elite Staffing and Rachel Walton be dismissed *sua sponte* for failure to state a claim. Report & Recommendation, Robinson v. Elite Staffing, *et al.*, Case No. 17-2475 (Oct. 6, 2017), ECF No. 4. The Report & Recommendation is currently pending review by the presiding district court judge.

Robinson that she would help him set up another interview but she did not later respond to Robinson's attempts to contact her. (*Id.*) Robinson also names as a defendant EEOC employee Audrey Boner who handles reconsideration of cases closed or dismissed. (*Id.*) It appears that Robinson purports to sue the Defendants because the "EEOC has ignored [his] complaint of discrimination altogether," (*id.* at 2), and the Defendants "would not accept his claim," (Additional Statement 1, ECF No. 1-2).

Robinson has attached to the complaint a "formal complaint of discrimination in the hiring process done by Elite Staffing," which appears to be his charge of discrimination submitted to the EEOC. (ECF No. 1-3.) This is the same document attached by Robinson in his other case pending before the court. *See* Robinson v. Elite Staffing, *et al.*, Case No. 17-2475 (Sept. 12, 2017), ECF No. 1-2.

Robinson also makes a number of allegations that are incoherent and unrelated to the instant complaint. For instance, Robinson states that on October 3, 2014, he filed a discrimination charge with the EEOC alleging that his former employer Sedona Staffing discriminated against him from June or July 2011 to August 30, 2013, his last day of work. (Statement of Claim 2, ECF No. 1-1.) Although vaguely alleged, it appears that the EEOC and the United States District Court for the Northern District of Mississippi dismissed this charge of discrimination. (Third Statement 1, ECF No. 1-4.)

3

Robinson also states that the District Attorney General's Office and the FBI in Oxford, Mississippi ignored his request to review three of his cases pending in the United States District Court for the Northern District of Mississippi. (Additional Statement 1-2, ECF No. 1-2.) Lastly, Robinson also attaches a document in which he recites facts related to his arrest on August 30, 2013. (ECF No. 1-4.) It is unclear how these allegations are related to Robinson's claims against the Defendants.

II. PROPOSED CONCLUSIONS OF LAW

A. <u>28 U.S.C. § 1915(e)(2) Screening</u>

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2). The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues.

This report and recommendation will constitute the court's screening. The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action —

    (i)      is frivolous or malicious;

    (ii)     fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

B. <u>Standard of Review for Failure to State a Claim</u>

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). "A complaint must "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009)(quoting *Iqbal*, 556 U.S. at 678). The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of

5

providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come

before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C. <u>Robinson's Section 1983 Claims Against the Defendants</u>

Robinson filed this complaint on a court-supplied form styled "Complaint for Violations of Civil Rights Under 42 U.S.C. § 1983." (Compl. 1, ECF No. 1.) To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) first, that the defendant acted under color of state law, and (2) a deprivation of rights secured by the United States Constitution or federal statutory law. *Fritz v. Charter Twp. of Cornstock*, 592 F.3d 718, 722 (6th Cir. 2010); *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1244 (6th Cir. 1989)(citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

Here, Robinson has failed to allege the first *prima facie* element of his Section 1983 claim. The EEOC is a federal agency and the EEOC employees named here as defendants are federal officials. As such, they act under color of federal law, not state law, and thus are not suable under Section 1983. *See D.C. v. Carter*, 409 U.S. 418, 424–25 (1973)(stating that Section 1983 does not reach "actions of the Federal Government and its officers"). Consequently, the complaint fails to establish a cognizable § 1983 claim against the Defendants, and it is recommended that such claim be dismissed for failure to state a claim upon which relief may be granted.

III. RECOMMENDATION

For the foregoing reasons, it is recommended that Robinson's complaint be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

Respectfully submitted this 10th day of October, 2017.

s/ Diane K. Vescovo
DIANE K. VESCOVO
CHIEF UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.