IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

ANTHONY ROBINSON,

      Plaintiff,

vs.                                           No. 17-2674-JPM-dkv

EEOC; WILLIS MARTIN,
Interviewer; AUDREY
BONNER; JAN MITCHELL,

      Defendants.
_____

REPORT AND RECOMMENDATION
_____

On September 12, 2017, the plaintiff Anthony Robinson ("Robinson") filed a *pro se* complaint titled "Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983" against the Equal Employment Opportunity Commission ("EEOC") and EEOC employees Willis Martin, Audrey Bonner, and Jan Mitchell. (Compl., ECF No. 1.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

On October 10, 2017, the court issued a Report & Recommendation recommending that the complaint be dismissed because Robinson failed to set forth § 1983 claims against the

defendants. (*See* R & R, ECF No. 4.)[1] Robinson did not file timely objections to the Report & Recommendation, and, on October 30, 2017, the presiding district court Judge adopted the Report & Recommendation and entered judgment for the defendants. (ECF Nos. 5, 6.) On October 30, 2017, Robinson filed his untimely objections to the Report & Recommendation. (ECF No. 7.) On November 1, 2017, the presiding Judge set aside the judgment and entered an order reconsidering the Report and Recommendation and re-characterizing Robinson's action as arising under the Administrative Procedure Act ("APA"). (ECF Nos. 8, 9.) The case was again referred to the Magistrate Judge for screening pursuant to 28 U.S.C. § 1915(e)(2). (ECF No. 9.)[2]

---

[1] The court noted that the facts alleged in the complaint are less than clear and that Robinson also makes a number of allegations that are incoherent and unrelated. (R. & R. 2-3, ECF No. 4.) Because liberal construction of *pro se* complaints "does not require a court to conjure allegations on [plaintiff's] behalf," *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001), or "to create [the plaintiff's] claim for [him]," *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003), the court recommended *sua sponte* dismissal of Robinson's complaint.

[2] Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2). The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues.

The court adopts the proposed findings of facts and the standard of review for failure to state a claim as stated in the October 10, 2017 Report & Recommendation, (ECF No. 4).

"The APA sets forth the procedures by which federal agencies are accountable to the public and their actions subject to review by the courts." *Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 423-24 (6th Cir. 2016)(quotation and internal quotation marks omitted). It provides:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

5 U.S.C. § 702. Thus, the APA waives the doctrine of sovereign immunity for claims for equitable relief against federal officials, but this "waiver of sovereign immunity does not apply to actions seeking money damages." *Haines*, 814 F.3d at 425 (quotations and internal quotation marks omitted)(emphasis omitted).[3] As to the scope of review, the APA provides that "[t]he reviewing court shall [] compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Agency

---

[3] Under the doctrine of sovereign immunity, "the United States may not be sued without its consent and [] the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983).

3

action is defined in § 551(13) to include "failure to act." EEOC regulations provide that after the complainant files a formal charge with the EEOC, the EEOC conducts an investigation and sends to the complainant a written notice of its decision. 29 C.F.R. §§ 1601.15 through 1601.29.

Although the relief requested by Robinson is unclear, he does not request money damages. (*See* Compl. 3, ECF No. 1.) Because the APA waives the doctrine of sovereign immunity for claims of equitable relief, Robinson may request equitable relief against the EEOC and the federal officials.

Further, although the complaint contains a myriad of unrelated factual allegations, part of Robinson's complaint relates to the EEOC's handling of a charge of discrimination that he filed against Elite Staffing. Robinson has attached to the complaint a "formal complaint of discrimination in the hiring process done by Elite Staffing," which appears to be his charge of discrimination submitted to the EEOC. (ECF No. 1-3.) Robinson states that the "EEOC has ignored [his] complaint of discrimination altogether," (Statement of Claim 2, ECF No. 1-1), and that the EEOC and the individual defendants "would not accept his claim," (Additional Statement 1, ECF No. 1-2). Construing the complaint in a light most favorable to Robinson and accepting the allegations as true, which the court must do at this stage, *see HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012), Robinson has sufficiently alleged that the

EEOC has unlawfully withheld or delayed action that it is required to take, which is reviewable under 5 U.S.C. § 706(1). *See also Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004)("Thus, a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take.*"); *Forest Guardians v. Babbitt*, 174 F.3d 1178, 1187 (10th Cir. 1999)("Through § 706 Congress has stated unequivocally that courts must compel agency action unlawfully withheld or unreasonably delayed.").

The court recommends that the Clerk be directed to issue process for the EEOC and the individual defendants and to deliver that process to the marshal for service along with a copy of the complaint, this Report & Recommendation, and any order regarding this Report & Recommendation; that service be made on EEOC and the individual defendants pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure; and that all costs of service be advanced by the United States.[4]

---

[4] Robinson does not state the address for service of process for the EEOC or the individual defendants. However, the U.S. Equal Employment Opportunity Commission website states that the EEOC Memphis District Office has jurisdiction over the Mississippi county of Desoto, which is where Robinson resides, (*see* Compl. ¶ III, ECF No. 1). *See* Memphis District Office, U.S. Equal Employment Opportunity Commission, https://www.eeoc.gov/field/memphis/area.cfm (last visited Nov. 2, 2017)(click on "Jurisdictional Area" hyperlink). The official website lists the following address for service of process for the EEOC and the federal agents named as defendants:

    1407 Union Avenue, 9th floor
    Memphis, TN 38104

It is further recommended that Robinson be ordered to serve a copy of every document filed in this cause on the attorneys for the defendants, make a certificate of service on every document filed, familiarize himself with the Federal Rules of Civil Procedure and this court's local rules,[5] promptly notify the Clerk of any change of address or extended absence, and be warned that failure to comply with these requirements, or any other order of the court, may result in the dismissal of his case without further notice.

Respectfully submitted this 3rd day of November, 2017.

s/ Diane K. Vescovo_____
DIANE K. VESCOVO
CHIEF UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.

---

[5]A free copy of the Local Rules may be obtained from the Clerk. The Local Rules are also available on the court's website at www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.